UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR JEFFERSON,

        Plaintiff,        CIVIL ACTION NO. 07-CV-13486

 VS.        DISTRICT JUDGE ARTHUR J. TARNOW

GRAND TRUNK WESTERN        MAGISTRATE JUDGE MONA K. MAJZOUB
RAILROAD, INC.,
        Defendant.

                                /

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL (DOCKET NO. 10) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 12).</u>**

This matter comes before the Court on two discovery motions. The first motion is Defendant's Motion to Compel filed on April 7, 2008. (Docket no. 10). Plaintiff filed a Response to Defendant's Motion to Compel filed April 29, 2008. (Docket 16). The second motion is Plaintiff's Motion to Compel Discovery filed April 11, 2008. (Docket no. 12). Defendant filed its Response of Grand Trunk Western Railroad Inc. to Plaintiff's Motion to Compel on April 25, 2008. (Docket no. 14). The parties filed a Joint Statement of Resolved/Unresolved Issues on June 5, 2008. (Docket no. 21). These motions have been referred to the undersigned for decision. (Docket nos. 11, 17). The Court heard oral argument on both motions on June 11, 2008. The two motions are now ready for ruling.

**I.     Facts**

Plaintiff was an employee of Defendant who alleges that he was injured on August 24, 2004 while performing his duties as a brakeman/conductor for Defendant. (Docket no. 1). Plaintiff filed a personal injury action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. and the Federal Safety Appliance Act, 45 U.S.C. § 1, et seq. (Docket no. 1).

Defendant filed its Motion to Compel on April 7, 2008 seeking to compel the depositions of Plaintiff and his doctor, to compel Plaintiff to produce authorizations for his medical records and asking the Court to extend the scheduling order by 60 days[1]. (Docket no. 10).

On October 2, 2007 Plaintiff served its First Request for Production of Documents. (Docket no. 12-2). On December 3, 2007 Plaintiff's counsel sent a Stipulated Order to Defendant's counsel requiring production of the documents within 30 days. (Docket 12-3). On December 13, 2007 Defendant produced Plaintiff's medical and personnel records in partial response to the document request. (Docket no. 12). On February 14, 2008 Plaintiff served its First Interrogatories to Defendant. (Docket no. 12). Defendant produced additional documents on March 11, 2008 and served its Answers to Interrogatories on March 14, 2008. (Docket no. 12). Plaintiff filed a Motion to Compel Discovery on April 11, 2008. (Docket no. 12). Plaintiff alleges that Defendant did not provide complete responses to its Requests for Production and either objected to or failed to answer all of Plaintiff's interrogatories. (Docket no. 12). The parties filed a Joint Statement of Resolved/Unresolved Issues on June 5, 2008 and have resolved several issues in each motion. (Docket no. 21). The remaining issues are set forth below.

---

[1]Judge Tarnow entered a stipulated order extending the scheduling order and resolving that issue. Discovery is due by August 12, 2008. (Docket no. 19). Discovery motions must be filed by July 12, 2008. (Docket no. 19).

**II.     Standard**

Rule 26(b)(1), Fed. R. Civ. P., allows discovery of any matter not privileged that is relevant to a claim or defense of a party. Relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

**III.    Defendant's Motion to Compel**

Defendant asked the Court to order Plaintiff to appear for deposition on July 18, 2008. Defendant shows that it contacted Plaintiff's counsel by letters dated March 14, 2008 and April 2, 2008 and requested deposition dates for Plaintiff. However, Defendant concedes that it did not notice the deposition as required by Fed. R. Civ. P. 30(b)(1). (Docket 10-4). The parties agreed at the hearing that Plaintiff would appear for deposition on a mutually convenient date on or before July 23, 2008. In light of the parties' agreement, the Court will deny Defendant's Motion to Compel. However, the Court will order Defendant to notice Plaintiff's deposition in accordance with Fed. R. Civ. P. 30 on or before June 13, 2008. Defendant notified the Court that Dr. Lerner's deposition is scheduled for July 14, 2008. Similarly, the Court will order Defendant to notice Dr. Lerner's deposition in accordance with the Federal Rules of Civil Procedure on or before June 13, 2008.

**IV.    Plaintiff's Motion to Compel Discovery**

  **A.     Plaintiff's Requests for Production**

Plaintiff's Request for Production Nos. 12, 23, 24, 26, 38 and 49-54 remain unresolved. At the hearing, the parties upon agreement resolved most of the issues regarding the Requests. In response to Request No. 12, Defendant will produce within fourteen days all responsive brochures

describing benefits available to railroad employees from 1998 to present.  In response to Request Nos. 23 and 24 Defendant and Plaintiff agree that within fourteen days of taking Plaintiff's deposition, Defendant will provide all surveillance photos, videos or movies taken (Request No. 23) and surveillance reports generated (Request No. 24) regarding Plaintiff since the date of the subject incident that Defendant intends to use as evidence at trial.  In response to Request No. 26, Defendant agrees to produce within fourteen days any changes to the costs or benefits occurring from 2006 to 2008.  In response to Request No. 38 Defendant agrees to produce all responsive documents and/or things within fourteen days.

In response to Request Nos. 49-54, which request production of documents and things relating to any person who may provide expert testimony, Defendant stated that it has no responsive information at this time.  The Court will order Defendant to supplement its response to produce responsive documents and things when they are available in accordance with Defendant's obligation to supplement under Fed. R. Civ. P. 26(e).

**B.     Plaintiff's Interrogatories**

Plaintiff served twenty-two interrogatories on Defendant on February 14, 2008. (Docket no. 12).  Defendant timely served Answers to Plaintiff's Interrogatories on March 14, 2008.  (Docket no. 12-6). Defendant timely objected in its Answers to Interrogatories that Plaintiff's Interrogatories exceed the twenty-five interrogatories allowed pursuant to Fed. R. Civ. P. 33(a), including all discrete subparts.  Upon review of Plaintiff's Interrogatories, the Court finds that the following interrogatories contain two separate and discrete subparts: 2, 5, 6, 8 and 9.  Interrogatory No. 20 contains three discrete subparts. Although other interrogatories seek multiple pieces of information, each portion of those interrogatories relates to the same topic inquiry and seeks identifying

4

information. Therefore, Plaintiff served the equivalent of 29 interrogatories. Plaintiff withdrew Interrogatory Nos. 13, 14 and 15 because the information was provided in response to Plaintiff's Request for Production of Documents. Therefore, Plaintiff's Interrogatories exceed the allowable amount by one. Further, Interrogatory No. 20 subparts (e)(iv) and 20(f)(v) seek documents and tangible items, which are not the proper subjects of an interrogatory. Fed. R. Civ. P. 33. The Court will deny Plaintiff's Motion to Compel as to Interrogatory Nos. 20(e)(iv), 20(f)(v) and 22.

The Court reviewed Defendant's answers to Plaintiff's Interrogatories and finds that Defendant's initial answers were unresponsive to the Interrogatories. Only one of Defendant's answers provides a substantive response to an interrogatory,[2] but still fails to answer the interrogatory in full. Defendant makes the same general objections in answer to each and every interrogatory, which includes variations of the following:

> Defendant reserves the right to object to this interrogatory to the extent same seeks information which may be protected by attorney-client or work product privilege. Without waiving the foregoing objections, with the assistance of defendant's counsel and claim representatives, defendant is in the process of formulating a further response to this interrogatory.

Following some of the answers Defendant included an additional sentence or two, such as "discovery is ongoing" or "GTW previously provided GTW's medical file for plaintiff and the reports of the examining physicians." (Docket 12-6 ¶ 21). Although Defendant agreed at the hearing that it will serve supplemental answers, the Court will further order Defendant to answer

---

[2]Interrogatory No. 16 asks Defendant to identify any person who may provide opinion or expert testimony with respect to liability or damages in the case. Defendant provided its boilerplate non-answer but at the end stated "[f]urther, these include GTW employees and all examining physicians (Drs. Bernick, Monson, Michaelson and Trachtman)." (Docket no. 12-6 ¶ 16).

Plaintiff's first set of Interrogatories, except Interrogatory Nos. 20(e)(iv), 20(f)(v) and 22, in full without objections.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is Denied. However, Defendant is ordered to notice the Deposition of Plaintiff on a date mutually convenient to the parties and occurring on or before July 23, 2008. Defendant is ordered to provide notice of Plaintiff's deposition and Dr. Lerner's deposition in accordance with the Federal Rules of Civil Procedure on or before June 13, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery is GRANTED in part as set forth above. Defendant will produce full responses and all responsive documents and things in response to Request for Production Nos. 12, 26 and 38 on or before June 27, 2008. Defendant will produce full responses and all responsive documents and things in response to Request for Production Nos. 23 and 24 as set forth above within fourteen days of conclusion of the deposition of Plaintiff. Defendant will supplement its responses and production in response to Request for Production Nos. 49-54 as required by Fed. R. Civ. P. 26(e).

**IT IS FURTHER ORDERED** that Defendant will answer Plaintiff's Interrogatories, except Interrogatory Nos. 20(e)(iv) and 20(f)(v), in full as set forth above on or before June 27, 2008. Plaintiff's Motion to Compel is DENIED in part as to Interrogatory Nos. 20(e)(iv), 20(f)(v) and 22.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: June 18, 2008                                    s/Mona K. Majzoub
                                                                   MONA K. MAJZOUB
                                                                   UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 18, 2008                                    s/D. Opalewski for Lisa Bartlett
                                                                   Courtroom Deputy