UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR JEFFERSON,

          **Plaintiff,**                    **CIVIL ACTION NO. 07-CV-13486**

   **vs.**

                                  **DISTRICT JUDGE ARTHUR J. TARNOW**

**GRAND TRUNK WESTERN**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**RAILROAD INCORPORATED,**
          **Defendant.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S**
**MOTION TO AMEND COMPLAINT (DOCKET NO. 26)**

      This matter comes before the Court on Plaintiff's Motion to Amend Complaint filed on

December 5, 2008.  (Docket no. 26).  Defendant has filed a Response.  (Docket no. 31).  This motion

has been referred to the undersigned for decision.  (Docket no. 27).  The Court heard oral arguments

on January 21, 2009.  This motion is now ready for ruling.

      Plaintiff seeks to amend his Complaint pursuant to Fed. R. Civ. P. 15(a) to specify the correct

date and time of his injury, to update a reference to a renumbered section of the Federal Safety

Appliance Act to allege injuries to his right hip and lower back and to add an allegation that

Defendant failed to comply with 49 CFR § 215.123, which requires a knuckle pin in the knuckle of

a railroad car.  (Docket no. 26, 31).  Rule 15(a) provides that a party may amend its pleading once

as a matter of course prior to service of a responsive pleading or within twenty days of serving its

pleading if no responsive pleading is required.  Otherwise, "a party may amend its pleading only

with the opposing party's written consent or the court's leave.  The court should freely give leave

when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The decision whether to permit amendment is

committed to the discretion of the trial court.  *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 (6th Cir. 1992) (unpublished).  Plaintiff filed his original Complaint on August 20, 2007 and Defendant filed an Answer on September 7, 2007.  (Docket nos. 1, 3).  Therefore, leave of court is required before Plaintiff may amend his Complaint.  Fed. R. Civ. P. 15(a).

Defendant does not object to Plaintiff amending the Complaint to correct the date and time of the subject incident to August 27, 2004 at 10:00 p.m.  (Docket no. 31).  Furthermore, Defendant does not object to amending the Complaint to reference 49 U.S.C. § 20301, a renumbered section of the Federal Safety Appliance Act, referenced in the original Complaint.  Defendant objects to Plaintiff amending his Complaint to add the additional injuries and an additional cause of action. "Several elements may be considered in determining whether to permit an amendment.  Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision."  *See Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).  "Delay by itself is not a sufficient reason to deny a motion to amend."  *See id*.  "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality."  *See United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

A.    Additional Injuries

Plaintiff argues that Defendant had notice of Plaintiff's right hip and lower back injury because these injuries were mentioned in Plaintiff's medical records.  This information, however, was equally available to Plaintiff and in his possession since 2004.  Plaintiff failed to identify it as relevant to the pending action, filed in 2007.  Defendant argues that allowing Plaintiff to add the

injuries almost five years after they were known to Plaintiff is prejudicial to Defendant because discovery is closed. Defendant argues that it limited its discovery to those injuries listed in Plaintiff's Complaint. Defendant has already deposed Plaintiff's doctor and alleges that if these injuries are added, it will need to depose him again. Defendant also argues that it will need to redepose Plaintiff and obtain an independent medical examination (IME) of Plaintiff regarding the additional injuries. Defendant argues that it has relied on IMEs of Plaintiff that were performed after Plaintiff was injured and before Plaintiff filed his Complaint and none of these IMEs focused on the back and hip.

The Court finds that Defendant will be unduly prejudiced by allowing Plaintiff to add the right hip and lower back injuries this late in the proceedings. For over a year Defendant has engaged in discovery and defended this case on the basis of alleged injury to Plaintiff's right leg and right knee. Defendant has already filed its dispositive motion. To allow the amendment at this time would require Defendant to duplicate much of its medical-related discovery.

Plaintiff's delay in seeking to add the right hip and lower back injuries also weighs heavily against allowing the amendment. The prejudice to Defendant could have been mitigated if Plaintiff had acted sooner on the information within his possession and Plaintiff gives no explanation for his delay in pleading these injuries in his original complaint or moving to amend his complaint. He cites no new facts necessitating the late addition of more injuries. Discovery closed on October 10, 2008. (Docket no. 24). The dispositive motion deadline was December 11, 2008 and Defendant timely filed its Motion for Summary Judgment based on the original complaint. (Docket no. 24, 30). Plaintiff waited until the eleventh hour to add the additional injuries based on the same claims and set of facts plead in his original complaint and Plaintiff has not acted with diligence in this matter.

-3-

*See Sosby v. Miller Brewing Co.*, 211 Fed. Appx. 382 (6th Cir. 2006). The Court will deny Plaintiff's motion to amend the complaint to add the injuries to the right hip and lower back.

B.     49 C.F.R. § 215.123

Plaintiff also seeks to add an allegation that Defendant failed to comply with 49 C.F.R. § 215.123, which states that a "railroad may not place or continue in service a car" with a missing or broken knuckle pin or an inoperative locklift or knuckle thrower. *See* 49 C.F.R. § 215.123. Plaintiff seeks to add an allegation that the knuckle pin was missing. At the hearing, Plaintiff's counsel stated that he also seeks to add an allegation that the knuckle thrower (also referred to as a pin lifter or operating lever) was inoperative. Defendant argues that 49 C.F.R. § 215.123 is a new theory of liability requiring additional proofs and if Plaintiff is allowed to add this new cause of action, Defendant would be prejudiced because it is precluded from conducting any investigation or discovery relating to the cause of action, including identifying and retaining an expert witness to address the new cause of action. The Court disagrees.

"A complaint requires only a short and plain statement of the plaintiff's claim." *Schmitz v. Canadian Pacific Railway Co.*, 454 F.3d 678, 682 (7th Cir. 2006); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). In *Schmitz*, the plaintiff plead a violation of the Federal Employers' Liability Act (FELA) after he stepped into a hole next to the tracks and injured his leg. The plaintiff alleged that the defendant "negligently allowed trackside vegetation to grow so tall that he could not see the hole," but the Plaintiff did not plead a violation of 49 C.F.R. § 213.37(c), which sets forth the railroad's duty to control vegetation on railroad property. *See Schmitz*, 454 F.3d at 679, 682. The court found that it was error for the judge to refuse to instruct the jury regarding 49 C.F.R. § 213.37(c), which

-4-

required the railroad to keep the vegetation trimmed.  *See id.* at 684.  The court stated that "[Plaintiff] was not required to allege that [Defendant] violated the duty created by 49 C.F.R. 213.37(c)."  *Id.* at 682.

Plaintiff alleged in paragraph 5 of the original Complaint that Plaintiff "attempted to open the knuckle on a drawbar by hand after it failed to open with the operating lever, wherein the knuckle fell onto his right leg causing disabling injuries to his right leg and knee."  Pl's Complaint ¶ 5 (docket no. 1).  In paragraph 6, Plaintiff alleged that the "Defendant was negligent . . . due to its failure to inspect and keep in proper repair the aforementioned knuckle that had a missing safety pin in violation of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. and the Federal Safety Appliance Act, 45 U.S.C.A. §1 et seq."

Like *Schmitz*, the Court finds that Plaintiff has plead sufficient claims in his Complaint including negligence under FELA, the missing safety pin, and the lever that failed to open, to encompass an allegation of Defendant's violation of a duty created by 49 C.F.R. § 215.123.  The Court finds that under the *Schmitz* reasoning, Defendant is not prejudiced by amending the Complaint to add a reference to 49 C.F.R. § 215.123 in paragraph 6, including a reference to both the inoperable lever and the missing knuckle pin.  The proposed allegations are based on the claims and facts plead in the original Complaint and, in any event, Plaintiff may have been able to advance these allegations without amending the Complaint.  The Court notes, however, that it is not making any findings relating to jury instructions in this matter, the context in which the issue arose in *Schmitz*.  The Court will grant Plaintiff's motion to amend to the extent Plaintiff seeks to allege in paragraph 6 a violation of 49 C.F.R. § 215.123, a missing knuckle pin and an inoperative knuckle thrower or lift.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (docket no. 26) is **GRANTED** in part and Plaintiff may amend his Complaint to specify the correct date and time of Plaintiff's injury, add a reference to the renumbered Federal Safety Appliance Act section which was included in the original Complaint, and add to paragraph 6 of the Complaint a reference to 49 C.F.R. § 215.123, the missing knuckle pin and the inoperable lever.  Plaintiff shall file his Amended Complaint on or before February 9, 2009.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion to Amend Complaint (docket no. 26) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 29, 2009            s/ Mona K. Majzoub_____
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 29, 2009            s/ Lisa C. Bartlett____
                                   Courtroom Deputy